The opinion of the court was delivered by
McEnery, J.
The plaintiffs obtained a judgment against the defendant for four thousand and nine hundred dollars. In the suits, writs of attachment issued and certain property was attached. Claiming that the attachment gives them a lien and privilege on the property seized, under the writs, this suit is brought to annul a prior attachment upon the property by the First National Bank of Shreveport.
There was judgment for the defendants and the plaintiffs appealed.
The grounds annulling the judgment sustaining the attachment are:
1. Because the bank being a corporation can not and did not take the oath which is a preliminary requisite to the issuance of a writ of attachment, and the bank being present within the jurisdiction of the court, srch oath could not be taken by any agent or attorney at the bank.
2. That the affidavit for attachment was made by W. B. Jacobs and does not show nor does it appear by record that he was authorized to make same. That in fact and in law said W. B. Jacobs was not authorized to make said affidavit for said bank.
3. Because the institution of the said suit of said bank against said Benjamin was not authorized by any resolution properly adopted by the directors of the bank, nor was the execution of any attachment bond so authorized.
4. Because the issuance of a writ of attachment against Benjamin was not necessary to protect any rights of the bank.
• 5. Because, as hereinbefore set forth, the suing out of such attachment in the name of said bank was fraudulent and collusive.
The plaintiffs can not urge the first, second and third grounds, as they are defences personal to the defendant in attachment. This is elementary. Commission Company vs. Bond & Williams, 44 An. 841.
The plaintiffs are restricted to the fifth ground, that the attachment was fraudulent and collusive. Rawlins vs. Sheriff, 45 An. 69; John Henry Shoe Company vs. Gilkerson-Sloss Commission Company, Ante 860.
*1449 The fourth ground is a matter of proof as a circumstance to show collusion.
The “fraudulent collusion ” alleged is that the defendant, Benjamin, was engaged in business with a stock of goods placed on the assessment rolls for twenty-five hundred dollars; that the defendant bank gave him letters of introduction asserting that his credit was good, and encouraged and aided him in largly increasing his stock of merchandise; that the bank and Benjamin had agreed before the purchases were made, that on a certain day or about a certain time the bank would, with his consent, attach his property on an alleged indebtedness and sell the property in block for the benefit of Benjamin and certain other of his creditors, to whom he intended to give a preference. The charges are so serious that they have necessarily compelled an examination of the record with the most searching investigation.
The defendants used as witnesses by the plaintiffs deny the allegations, and we find nothing in the record to sustain the accusation of collusion.
It is true defendant Benjamin made no defence to the attachment, but the bank’s debt existed, and the facts upon which the attachment were based also existed. Plaintiffs alleged the same reasons for the attachment sued out by them. At any rate, without proof of an agreement to attach on fictitious grounds, consented by the attached creditor, the inquiry into the facts upon which the attachment issued is closed by the decree in the attachment suit. Rawlins vs. Sheriff, 45 An. 69.
The letters of recommendation, or of introduction, were justified by the reputation the defendant Benjamin enjoyed in the city of Shreveport when they were issued. Benjamin purchased more goods than he ought to have carried, but it is not shown that the defendant bank had anything to do with his purchases. The relation between him and his attorney Kahn, his abruptly leaving the gaming table when he heard that plaintiffs’ agent was in Shreveport, and taking measures to protect himself, and his course in invoking attachments against him to forestall that of the plaintiffs; his declaration as to protecting home creditors, and fixing himself, are matters personal to his own interest and affect them alone, but can not affect the bank without proof connecting it with them. The fact is, *1450 the bank had an honest debt against Benjamin, and the attachment was an honest effort to secure it.
There was a scramble among creditors to be the first to secure a. lien by the attachment. The plaintiffs have shown that there were rumors several days before the attachments issued, that defendants’' property would be seized. As usual, there was a movement among-creditors and a rivalry among attorneys to secure their claims. In such a race it is not unusual for the nearest attorney to be unemployed, nor is it usual for the chance meeting of creditors and attorneys, who had been before the attorney for the seized debtor, at-an early hour at the clerk’s office.
The sale by Jacobs, the purchases at the sheriff’s sale, of the bulk of the property and its final disposition to Mrs. Benjamin, the mother-of the defendant, is complained of. But the record shows that the agent of the plaintiffs, whose visit, it appears, to Shreveport was for-the purpose of attaching Benjamin, made a proposition to him for Claflin & Co. to do practically the same thing; that is, purchase the property for Benjamin, place him in possession of it, provided the-attaching creditors could be satisfied. It appears that no consent was-given to this arrangement. They bid at the sale of the property-attached under the writs of attachment. They intervened in all the-attachment suits and failed to prosecute their interventions. In the-interventions, the allegations made in this suit are the same.
Mrs. Benjamin realized nothing under her attachment, and in this particular the plaintiff was not injured.
The property was purchased by Jacobs and adjudicated to him, as appears by the sheriff’s return. He could do with it as he pleased, give it or sell it to Mrs. Benjamin; consequently it is immaterial, so-far as plaintiffs are concerned, in what manner she paid the price.
Complaint is made that the property was sold for two-thirds of its-appraised value. This was in accordance with law. O. P. 680. But we are of the opinion that the appearance of plaintiffs by their agent at the sale, and bidding on the attached property, cured any defects in the regularity of the sale, if there were any.
Considering all the facts and circumstances presented in this case, we think the plaintiffs have failed to prove the allegations in their-petition.
Judgment affirmed.
Nicholls, C:*J., absent;